UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN PHAREL SANZPIERRE,<br><br>                          Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,<br><br>                          Respondents. | Case No.:  26cv1924-LL-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 9];**<br><br>**ORDER DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 3]** |

On March 26, 2026, Petitioner Jean Pharel Sanzpierre, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Court appointed Federal Defenders to represent Petitioner (ECF No. 4), and they filed an Amended Petition (ECF No. 9).

In the Amended Petition, counsel requests that the Court "should order Respondents to release Mr. Sanzpierre unless they can provide documents showing he is not a derivative citizen." *Id.* at 3. Petitioner states in relevant part as follows:

> Jean Pharel Sanzpierre entered the U.S. as a lawful permanent resident (LPR) in 1995 when he was 6 years old. He came to join his mother, who was also an LPR. At some point, his mother applied for and was granted U.S. citizenship, but Mr. Sanzpierre does not know when. His mother is currently in a rehabilitation center and does not have access to her immigration record.

> In 2023, Mr. Sanzpierre was convicted of aggravated battery in Georgia and served two years. When he finished serving his criminal sentence, ICE took him into custody and transferred him to Otay Mesa Detention. There, an IJ ordered him removed but granted him deferral of removal under the Convention Against Torture. The DHS appealed, and this appeal is currently pending at the BIA.

Mr. Sanzpierre has now been detained in ICE custody for 16 months. Because there is a high probability that Mr. Sanzpierre derived citizenship from his mother, this court should order the government to produce his mother's naturalization application and certificate. But even if Mr. Sanzpierre turns out not to be a U.S. citizen, this Court should 'conclud[e] that [his] unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process.' (internal citation omitted). It should do so because Mr. Sanzpierre satisfies the six-factor test set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019).

*Id*. at 2.

Respondents filed a Return (ECF No. 10), and Petitioner filed a Traverse (ECF No. 11). In the Return, Respondents argue that "Petitioner is not a derivative citizen of the United States and he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) for having an aggravated felony conviction for a crime of violence for which the term of imprisonment was over one year." ECF No. 10 at 2. Upon the Court's review of the briefing, on May 7, 2026, the Court ordered Respondents to produce the following supplemental documents for the Court's consideration:

Petitioner's A-file documents that would show whether he is a derivative citizen including: (1) his mother's naturalization certificate, (2) his mother's application for naturalization and (3) any agency records, notes, reports or decisions relating to the adjudication of the naturalization application.

ECF No. 12. In response to the Court's Order, on May 14, 2026, Respondents lodged supplemental documents with the Court including the Declaration of Daniel Negrin, Deportation Officer, Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement, and supporting documents filed under seal. ECF Nos. 13, 14, 16, 17. On May 27, 2026, Petitioner filed a Response to Respondents' Supplemental Documents. ECF No. 18.

Upon the Court's review of the supplemental documents and Petitioner's response thereto, the Court rejects Petitioner's contention that he derived United States citizenship through his mother. The evidence submitted by Respondents establishes that Petitioner's mother naturalized on August 23, 2012, when Petitioner was 24 years old. Because petitioner was over the age of eighteen at the time of his mother's naturalization, he was

26cv1924-LL-MSB

ineligible to derive citizenship under 8 U.S.C. § 1431(a). Although Petitioner relies on *Brown v. Holder*, 763 F. 3d 1141, 1149 (9th Cir. 2014), it is distinguishable from the facts in this case because in *Brown*, the government's deliberate indifference was with respect to the naturalization application itself which delayed the disposition of that application. Here, the government concedes that it lost Petitioner's A-file, but there is nothing in the record to indicate that it had an effect on Petitioner's mother's naturalization process or any apparent due process concerns. Accordingly, Petitioner's derivative citizenship claim lacks merit and the Amended Petition seeking release on this ground must be **DENIED**.

Petitioner argues that alternatively, this Court should conclude "that [his] unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." ECF No. 9 at 2. In support thereof, Petitioner argues that "many courts have held that noncitizens detained under § 1226(c) as well as § 1225(b), may bring as-applied constitutional challenges to their mandatory detention without a bond hearing." ECF No. 11 at 5 (citing *Rowe v. Archambeault*, No. 26-cv-1774-GPS-DEB, 2026 WL 879487, *3-*7 (S.D. Cal. Mar. 31, 2026); *Rodriguez v. Frink*, 2026 WL 709487, *2-*4 (S.D. Tex. Mar. 13, 2026)). Respondents argue in the Return that "Petitioner fails to establish how mandatory detention under 8 U.S.C. § 1226(c)(1)(B) violates his right to due process." Return at 4.

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays

in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, over sixteen months, without a bond hearing weighs in Petitioner's favor. Courts have found detention of lesser lengths without a bond hearing weighs toward finding that detention has become unreasonably prolonged. *See, e.g.*, *Rowe v. Archambeault*, 2026 WL 879487, *3-*7 (ordering a bond hearing for a noncitizen detained under § 1226(c) for close to twelve months); *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention factor here favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he has reason to anticipate significant future detention since his case is currently pending at the BIA and will likely go to the Ninth Circuit. ECF No. 9 at 7. Petitioner argues that his appeal process could go on for up to two years or longer. *Id*. at 7 (citing *Banda*, 385 F. Supp. 3d at 1119). The Court agrees, since Respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner. *See* generally Amended Pet.; Ret. Balancing the discussed

26cv1924-LL-MSB

factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Mr. Sanzpierre's Amended Petition for a Writ of Habeas Corpus (ECF No. 9) as follows:

1. Mr. Sanzpierre's request for immediate release is **DENIED**.

2. Mr. Sanzpierre's alternative request for the Court to order a bond hearing is **GRANTED**. The Court **ORDERS** the government to provide Mr. Sanzpierre with an individualized bond hearing within **fourteen (14) days** before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Mr. Sanzpierre is a danger to the community or a flight risk if released. Concerns about interrupting court schedules is not a ground to deny bond.

3. The immigration judge **SHALL** consider alternative conditions of release and Mr. Sanzpierre's ability to pay bond if he or she determines bond is appropriate. *Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

4. If requested by Mr. Sanzpierre, the government **SHALL** assist Mr. Sanzpierre in obtaining the audio recording of the bond hearing. *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011)).

5. Mr. Sanzpierre's Motion for Temporary Restraining Order (ECF No. 3) is **DENIED AS MOOT** in light of the Court's ruling herein.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

26cv1924-LL-MSB

6. The Clerk of Court shall enter judgment in Mr. Sanzpierre's favor and close this case.

**IT IS SO ORDERED**.

Dated:  May 28, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv1924-LL-MSB